IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HENRY INDUSTRIES, INC.,

        Plaintiff,

v.                                                                                  Case No.  23-1113-JWB

BRADLEY HILL, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant Michael Del Vecchio's motion to sever (Doc. 53) and Plaintiff's motion (Doc. 60) to remand. The motions have been briefed and are ripe for decision. (Docs. 61, 62, 68, 72.) The motion to remand is GRANTED and the motion to sever is DENIED for the reasons stated herein.

**I.     Facts and Procedural History**

Plaintiff Henry Industries is a Kansas corporation with its principal place of business in Wichita, Kansas. It is a full-service provider of distribution center, warehouse, and logistic needs. (Doc. 48 at ¶ 10.) It operates Henry Freight Solutions, which brokers transportation and the delivery of bulk freight. Plaintiff employs individuals as freight brokers to 1) quote and cover truckload shipments; (2) contract, negotiate and secure carriers for available/open loads; and (3) dispatch, route, and schedule carriers. *Id.* ¶ 24. Henry Industries also employs a "Vice President of Business Development" who supports Freight Brokers by providing proprietary training to Freight Brokers, and other unique services to Henry Industries customers. *Id.* ¶ 25.

On May 25, 2023, Plaintiff filed this action in Sedgwick County District Court against Bradley Hill, Jacob Bland, Phillip Balano, and Nicolas Cicero. These individual Defendants are

1

prior employees. Defendants Hill and Bland were employed by Plaintiff as freight brokers. Defendant Cicero was employed as the Vice President of Business Development. (Doc. 1-1 ¶ 13.) Defendants are now employed by Plaintiff's competitor, Defendant MAP3, LLC, d/b/a Vesta Freight. Cicero is the Chief Operating Officer with Vesta and the other Defendants have positions similar to the ones they performed for Plaintiff. (*Id.* ¶ 51.)

According to Plaintiff, the individual employees all had non-compete agreements which prohibited them from working for a competing business, soliciting Plaintiff's employees or customers, and utilizing Plaintiff's confidential information and trade secrets. (*Id.* ¶ 6.) Plaintiff claims that the individual Defendants violated the non-compete agreements by going to work for Vesta Freight, soliciting customers and employees, and using confidential and trade secret information in their new employment. Plaintiff filed this action in state court alleging the following claims against Defendants: violation of the Kansas Uniform Trade Secrets Act, K.S.A. § 60-3320; breach of contract; breach of implied covenant of good faith and fair dealing; breach of duty of loyalty; tortious interference with business expectancy; and civil conspiracy. Plaintiff also filed a motion for a temporary restraining order.

On June 1, Defendants filed a notice of removal asserting that this court had jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441 in that Plaintiff was a citizen of Kansas and the individual Defendants were all citizens of Missouri. (Doc. 1 at 3.) Based on the pleadings, diversity jurisdiction was present when the matter was removed. On June 2, this court noticed a hearing on the motion for temporary restraining order to occur on June 7. (Doc. 9.) At the request of counsel, the hearing was reset to June 14 so that the parties could attempt to come to an agreement. On June 14, the parties moved for an entry of a consent temporary restraining order. (Doc. 13.) The court entered the order which restrained certain conduct until July 31, 2023, so

that the parties could attempt to resolve this matter. (Doc. 16.) After the matter was not resolved, on August 9, Plaintiff filed a motion to amend its complaint. (Doc. 25.) The amended complaint sought to add four Defendants: Michael Del Vecchio, Jordan Fields, Paul Guastello, and Vesta Freight. (Doc. 25 at 3.) Del Vecchio and Fields were both prior brokers employed by Plaintiff who left and went to Vesta Freight. Both Del Vecchio and Fields also allegedly entered into similar non-compete agreements and had allegedly breached the agreements in the same respects as the original four Defendants. (Doc. 48 ¶¶ 38–46, 99–100, Exhs. 1–6.) The amended complaint adds the new Defendants to the same counts in the original state court petition.

With respect to citizenship, Plaintiff alleged upon information and belief that Del Vecchio and Fields were Missouri citizens. (*Id.* ¶¶ 16–17.) In opposing the motion to amend, Defendants asserted that amendment should be denied as the proposed amended complaint against the new Defendants was subject to dismissal on the basis that the amendment was untimely and the allegations were vague and conclusory. (Doc. 28.) On October 4, the motion to amend was granted on the basis that the motion was filed early in the case and that the amendment could not be denied on the grounds of futility as the allegations were sufficient. (Doc. 47.)

On November 13, Del Vecchio filed his answer in which he denied the allegations in the amended complaint regarding his citizenship. (Doc. 52.) On that same date, he filed a motion to sever and dismiss the claims against him on the basis that he was not diverse from Plaintiff and was not an indispensable party (Doc. 53.) Shortly thereafter, Plaintiff filed a motion to remand this action to state court.

**II.     Analysis**

After a case is removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.

§ 1447(c). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). If a party is an indispensable party to the action, the court must remand the action. *See Bates v. Flemming*, No. 19-1101-JWB, 2019 WL 4193981, at *2 (D. Kan. Sept. 4, 2019) (citing *Brooks v. UMB Bank, N.A.*, No. 12-2284-JAR-KGG, 2012 WL 4856983, at *2 (D. Kan. Oct. 12, 2012)). Further, if a "defendant is not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court." *McPhail v. Deere & Co.*, 529 F.3d 947, 951–52 (10th Cir. 2008) (citing *State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416–17 (10th Cir. 1984)).

In this case, the court was not aware that Del Vecchio was a Kansas citizen at the time Plaintiff moved to amend its complaint. Therefore, the court did not have the opportunity to consider that the amendment would destroy diversity jurisdiction. However, the court can consider whether to allow the amendment and remand the action or sever Del Vecchio from this action at this time. *See Broadnax v. GGNSC Edwardsville III LLC*, No. 13-2640-SAC, 2014 WL 1308908, at *2–3 (D. Kan. Mar. 28, 2014) (considering whether to remand the action after a non-diverse party was added to an amended complaint filed without leave of court).

The court is to first consider whether Del Vecchio is an indispensable party. Defendants argue that he is not an indispensable party to this action and Plaintiff makes no effort to argue that he is. Therefore, as Plaintiff essentially concedes the issue, the court will move on to the discretionary analysis.

Under Tenth Circuit precedent, the court may permit joinder of a party under Rule 20(a)(2) even if that party destroys diversity jurisdiction. *McPhail*, 529 F.3d at 952. "In exercising this discretion, the district court typically considers several factors [including] whether the amendment

will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith." *Id.* at 952 (internal citation and quotation omitted). *See also Tonkinson v. Walmart, Inc*., No. 21-2588-SAC-GEB, 2022 WL 425868, at *2 (D. Kan. Feb. 11, 2022).[1] If the district court determines that joinder is appropriate, § 1447(e) requires remand to state court. *Id.* Otherwise, the court is to deny the joinder. *Id.* (citing 28 U.S.C. § 1447(e)).

Turning to the factors, the first factor is whether the amendment would result in undue prejudice to Defendants. The court does not find that allowing the amendment would result in undue prejudice. This case is in the early stages of discovery and the allegations against the new Defendants are similar to those Plaintiff has asserted against the original Defendants. Therefore, there are not new claims or significant new factual issues in the amended complaint.

In support of their position, Defendants argue that they have been engaged in extensive discovery, spent significant time and resources, and participated in a hearing on the motion for a temporary restraining order. (Doc. 72 at 5.) Defendants assert that remanding the action to state court would be inequitable because it allows Plaintiff to "further delay this case and its prosecution." (*Id.* at 6.) Although the remand could result in some delay, there is no indication that Plaintiff seeks to remand this action to delay its prosecution. Plaintiff is the party who brought the action and seeks relief for the alleged ongoing violation of the non-compete agreements. The

---

[1] Plaintiff addresses the joinder of Del Vecchio under a five factor test set forth in *Cortez-Contreras v. Gov't Emps. Ins. Co*., No. 19-2591-KHV-ADM, 2019 WL 6715425, at *4 (D. Kan. Dec. 10, 2019). (Doc. 61 at 4–5.) These factors include similar equitable considerations as those in *McPhail*. *See id.* ("This approach considers (1) the plaintiff's motivation for adding the party; (2) the timeliness of the proposed amendment; (3) any prejudice; (4) the defendant's interest in remaining in federal court; and (5) other equitable considerations.") There is some conflict in this district as to whether the factors in *McPhail* govern or whether the factors from the Fifth Circuit test are more appropriate. *See id.* (citing *Hensgens v. Deere & Co*., 833 F.2d 1179, 1182 (5th Cir. 1987)). The courts in this district have utilized both tests. *Compare id.*, *with Tonkinson*, 2022 WL 425868, at *2. There is also a similar test utilizing four factors. *See Schur v. L.A. Weight Loss Ctrs*., 577 F.3d 752, 759 (7th Cir. 2009) (adopting an equitable-factor framework balancing the following: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations.") The court need not resolve this issue because it would allow the joinder and remand this action under any of these standards.

fact that Defendants prefer to continue litigating in this forum as opposed to state court is not outweighed by the cost and waste of judicial resources to duplicate proceedings in both courts should the court deny joinder.

This action involves alleged violations of non-compete agreements of six individual Defendants. All of those Defendants appear to have the same agreements, they all worked for Plaintiff, and they all left Plaintiff's employment to work for the same competitor who is now a named Defendant in this action. (Doc. 48.) Requiring Plaintiff to litigate the same claims in two different forums would result in additional expense, be a waste of judicial resources, and has the danger of producing inconsistent results with respect to the enforceability of the non-compete agreements given that Defendants have vigorously contested their enforceability. *See Broadnax*, 2014 WL 1308908, at *3 ("In exercising its discretion, the court must balance the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources against the diverse defendant's interest in retaining the federal forum." (citation and internal quotations omitted)). This factor weighs in favor of allowing the amendment.

Next, the court considers whether the request was unduly and inexplicably delayed. Defendants argue that this amendment was unduly delayed because Del Vecchio left Plaintiff's employment in May 2022 and, therefore, Plaintiff should have included Del Vecchio in the original complaint. (Doc. 72 at 4.) In response, Plaintiff argues that the amendment was requested prior to the deadline in the scheduling order and immediately after the consent restraining order was lifted. Defendants' arguments are not persuasive. This action was filed in May 2023. As noted by Plaintiff, the parties entered into a consent order the following month and attempted to resolve their claims. After they could not resolve those claims, Plaintiff immediately moved to amend. The action was not even pending three months at the time Plaintiff moved to amend. Further, in

granting the amendment, the court specifically found no undue delay. (Doc. 47.) The court finds that this factor weighs in favor of allowing the amendment.

Finally, the court must consider whether the amendment was offered in good faith. Reviewing the motion to amend, Plaintiff set forth the history of this matter and then informed the court that it sought leave to amend to add the new Defendants who it believed engaged in the same conduct as the original Defendants. (Doc. 25 at 3.) Because these new Defendants have allegedly engaged in the same conduct as the original Defendants, the court concludes that Plaintiff acted in good faith in adding them in the amended complaint. With respect to jurisdiction, Plaintiff alleged upon information and belief that Del Vecchio was a Missouri citizen. No party, including Del Vecchio's own counsel, asserted at the time that Del Vecchio was a citizen of Kansas. Defendants argue, however, that Plaintiff must have known of Del Vecchio's citizenship because it had his employment records from 2022. (Doc. 72 at 4–5.) Without any evidentiary basis whatsoever, Defendants argue that "it is clear that Henry Industries knew that Del Vecchio was a citizen of Kansas, not Missouri." (Doc. 72 at 5, n.2.) Such assertion is quite a stretch given that Del Vecchio's own counsel apparently had no idea of Del Vecchio's Kansas citizenship.[2] The good faith factor weighs in favor of allowing the amendment.

Finally, Defendants argue that this court's decision in *Bates v. Flemming* supports their position that permissible joinder should not be allowed. (Doc. 72 at 3.) In that case, the court declined to allow permissible joinder. The facts of that case, however, are in stark contrast to this matter. This court's ruling in *Bates* did not suggest that the court would decline to allow permissive joinder whenever the addition of the party would destroy diversity jurisdiction as Defendants

---

[2] Defendants assert that counsel first learned of Del Vecchio's citizenship when answering the amended complaint. (Doc. 53 at 3.) The court has no reason to doubt this assertion and, similarly, has no reason to believe that Plaintiff misled the court in a pleading by stating that it believed Del Vecchio was a citizen of Missouri.

7

argue. *Bates*, 2019 WL 4193981, at *4. Rather, it was a discretionary ruling based on the facts of that case.

After a review of the factors and exercising its discretion, the court finds that the addition of Del Vecchio is proper under Rule 20(a)(2). Therefore, remand is required under § 1447(e).

### III.     Conclusion

Plaintiff's motion (Doc. 60) to remand is GRANTED. Defendant Michael Del Vecchio's motion to sever (Doc. 53) is DENIED. Defendant Paul Guastello's motion to dismiss (Doc. 54) is to remain pending for the state court judge to resolve.

The clerk is to remand this matter to the District Court of Sedgwick County, Kansas. IT IS SO ORDERED. Dated this 21st day of December, 2023.

    s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE